# IN THE COURT OF APPEALS OF IOWA

No. 24-0054
Filed March 19, 2025

**GERALD WILLIAM MILLER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____


Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.


A postconviction-relief applicant appeals the district court's denial of his application. **AFFIRMED.**


James S. Blackburn of Finley Law Firm, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.


Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

Gerald Miller was convicted of second-degree sexual abuse and assault with intent to commit sexual abuse causing bodily injury after he attacked a convenience store clerk. We affirmed his convictions on direct appeal. *State v. Miller*, No. 19-0680, 2020 WL 7868232, at *5 (Iowa Ct. App. Dec. 16, 2020). Miller then filed an application for postconviction relief (PCR) claiming his criminal trial counsel provided ineffective assistance.

Following a PCR trial, the district court denied Miller's application. Miller appeals. Miller's main argument is that the PCR court erred by declining to find his criminal trial counsel ineffective for failing to object and move for a mistrial when the prosecutor repeatedly played part of a security-camera recording that included video and audio depiction of the attack, including the victim screaming. He also contends the PCR court erred by denying all other claims raised in his application.

As to Miller's first claim, the State contends Miller failed to preserve error. We agree. To preserve an issue for appeal, a party must raise the issue to the district court and obtain a ruling on it. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). If a party raises an issue, but the district court does not rule on it, the party raising the issue must file a motion requesting a ruling to preserve the issue for appellate review. *Id.* Here, Miller raised a claim that his criminal trial counsel was ineffective for failing to object to the admission of the security-camera recording of the attack, and the PCR court ruled on that claim. But this is not Miller's claim on appeal. On appeal, Miller claims his criminal trial counsel was ineffective for failing to object and move for a mistrial based on the prosecutor repeatedly playing parts of the recording to the jury. This issue was never raised

to the PCR court, and even if it was, the PCR court didn't rule on it, and Miller never filed a post-trial motion asking for a ruling. As this issue was neither raised before nor decided by the PCR court, Miller has not preserved it for our review.

As to Miller's second claim, broadly asking this "court to review all of his allegations in this appeal," we find Miller has forfeited it. The PCR court identified eight ways Miller claimed his criminal trial counsel was ineffective and ruled on each separately, consecutively lettering them A through H. In his appellate brief, the heading identifying Miller's second issue reads "[t]he PCR trial court erred when it denied [Miller]'s allegations in paragraphs A–C and E–H." While this batching of seven issues in the heading is not ideal, it may have passed muster if the body of the brief fleshed out Miller's arguments as to these issues. But it doesn't. Instead, it makes general claims of unfairness that are not tied to any of the ways Miller claimed his criminal trial counsel was ineffective. The brief also fails to cite any authority, contains only minimal cites to the record, and doesn't make any cogent substantive arguments that would permit us to discern the claim(s) Miller is making. *See* Iowa R. App. P. 6.903(2)(a)(8)(1)–(3) (explaining what must be included in the argument section of an appellate brief and recognizing that "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). As such, Miller has forfeited any of the issues he attempts to raise in his second claim heading by failing to clearly identify the issues, failing to develop an argument in support of those issues, and failing to cite any authority in support of those issues. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (listing a variety of ways a party can forfeit an issue on appeal).

As Miller has failed to preserve error on his first claim and forfeited his second, we affirm the district court's denial of his PCR application.

**AFFIRMED.**